**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| YESENIA CHAVEZ,<br><br>Plaintiff,<br><br>v.<br><br>BUC-EE'S GEORGIA, LLC, ABC CORPS #1-3, & JOHN DOES #1-3,<br><br>Defendants. | ) | CIVIL ACTION NO.: ______________ |

**<u>NOTICE OF REMOVAL</u>**

Defendant Buc-ee's Georgia, LLC ("Defendant"), by and through undersigned counsel, files this Notice of Removal of the action styled *Yesenia Chavez. v. Buc-ee's Georgia, LLC, ABC Corps #1-3, & John Does #1-3*, Civil Action No. 25CV75160, pending in the Superior Court of Gordon County, State of Georgia (the "State Court Action"), to the United States District Court for the Northern District of Georgia, Rome Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this notice, Defendant states as follows:

**<u>INTRODUCTION</u>**

Plaintiff Yesenia Chavez ("Plaintiff") filed the State Court Action in the Superior Court of Gordon County. Defendant now properly removes this matter to federal court following Plaintiff's belated admission—made only in response to

Defendant's diligent pursuit of discovery—that she seeks damages exceeding $75,000. Complete diversity of citizenship exists between the parties, and removal is timely under 28 U.S.C. § 1446(b)(3). As demonstrated below, this Court has original jurisdiction over this action and should assume jurisdiction over all pending matters, including Defendant's fully-briefed Motion to Compel.

## I. STATUTORY PREREQUISITES FOR REMOVAL

1. This Notice of Removal satisfies all requirements for removal. The Northern District of Georgia, Rome Division, is the proper district and division for removal because Gordon County lies within its boundaries. 28 U.S.C. § 90(a)(3) (NDGA Rome Division encompasses Gordon County, Georgia).

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on Defendant in the State Court Action are attached hereto as **Exhibit A**. A true and correct copy of the docket sheet is attached as **Exhibit B**, and a true and correct copy of Defendant's pending Motion to Compel Discovery and Motion for Fees and Incorporated Memorandum in Support ("Motion to Compel") is attached as **Exhibit C**.

3. Following removal, Defendant will promptly provide written notice to the Clerk of the Gordon County Superior Court and to Plaintiff's counsel, as required by 28 U.S.C. § 1446(d). A true and correct copy of the notice to be submitted to the state court is attached hereto as **Exhibit D**.

## II. PROCEDURAL HISTORY

4. On February 27, 2025, Plaintiff filed her complaint against Defendant in the Superior Court of Gordon County, State of Georgia (the "Complaint"). (*See* Exs. A, at 4–13, B.)

5. Defendant accepted service of the Complaint on July 14, 2025.

6. At the time of service, this action was not removable. Although complete diversity of citizenship existed between the parties, the amount in controversy was not ascertainable from the face of the Complaint. (*See* Ex. A, at 4–13.) The Complaint failed to specify the amount of damages sought, and nothing in that pleading permitted Defendant to determine whether Plaintiff's claim exceeded the $75,000 jurisdictional threshold required by 28 U.S.C. § 1332(a).

7. Defendant timely answered the Complaint, and the parties commenced discovery. (Ex. A, at 17–29.) On September 3, 2025, Defendant served its first discovery requests, including Interrogatories, Requests for Admissions, and Requests for Production of Documents.

8. On October 3, 2025, Plaintiff served her initial Responses to Defendant's Requests for Admissions. Critically, those responses failed to establish the amount in controversy. Indeed, Plaintiff explicitly stated that she was unable to admit or deny whether she sought damages exceeding $75,000. A true and correct

copy of Plaintiff's initial Responses to Defendant's Requests for Admissions is attached as **Exhibit E**.

9. After Defendant agreed to multiple discovery extensions and pursued resolution through Georgia Superior Court Rule 6.4's discovery dispute process, Plaintiff served her Responses to Defendant's Interrogatories and Requests for Production on October 20, 2025. These responses likewise failed to establish whether the amount in controversy exceeded $75,000. A true and correct copy of Plaintiff's Responses to Defendant's Interrogatories and Requests for Production is attached as **Exhibit F**. Documents produced by Plaintiff on that date similarly failed to establish the amount in controversy.

10. Due to persistent deficiencies in Plaintiff's discovery responses and following another unsuccessful attempt to resolve the dispute pursuant to Rule 6.4, Defendant filed its Motion to Compel on January 5, 2026. (Ex. C.) Plaintiff's response was due on February 4, 2026; she failed to respond. Accordingly, the Motion to Compel is fully briefed and ripe for determination. (*See* Ex. B.)

11. On January 19, 2026, Plaintiff served her First Supplemental Response to Defendant's First Request for Admissions ("Supplemental RFA Response"). A true and correct copy is attached as **Exhibit G**.

12. In her Supplemental RFA Response, for the first time, Plaintiff admitted that she seeks damages in excess of $75,000. (*See* Ex. G, ¶ 1.) Plaintiff's

Supplemental RFA Response constitutes the first document from which Defendant could ascertain that the amount in controversy satisfies 28 U.S.C. § 1332(a), and, therefore, that this case was removable.

13. Defendant now timely files this Notice of Removal within thirty days of receiving Plaintiff's Supplemental RFA Response, as required by 28 U.S.C. § 1446(b)(3).

## III. GROUNDS FOR REMOVAL

### *a. Complete Diversity of Citizenship Exists*

14. This Court has original jurisdiction of this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties.

15. Plaintiff is an adult individual. Upon information and belief, Plaintiff resides in Florida at 1901 NW 116th Terrace, Ocala, Florida 34482. Although the Complaint alleges Plaintiff is a Georgia resident (*see* Ex. A, at 4), Plaintiff's own Interrogatory responses establish that she has resided in Florida for the past five years and possesses a Florida driver's license. (*See* Ex. F, at 4.) Regardless of whether Plaintiff is properly characterized as a citizen of Florida or Georgia, complete diversity exists with Defendant.

16. Defendant Buc-ee's Georgia, LLC is a limited liability company organized under the laws of Delaware. For purposes of diversity jurisdiction, a limited liability company assumes the citizenship of all its members. Buc-ee's

Georgia, LLC's sole member is Buc-ee's, Ltd., a Texas limited partnership. The partners of Buc-ee's, Ltd. are (1) Buc-ee's Management, LLC, a Texas limited liability company, and (2) Buc-ee's Holdings, Inc., a Delaware corporation with its principal place of business in Texas. Buc-ee's Holdings, Inc. is the sole member of Buc-ee's Management, LLC.

17. Accordingly, tracing the citizenship of all constituent entities, Buc-ee's Georgia, LLC is a citizen of Texas and Delaware. Because Plaintiff is a citizen of either Florida or Georgia, complete diversity exists.

***b. The Amount in Controversy Exceeds $75,000***

18. In her Supplemental RFA Response, Plaintiff admitted for the first time that she seeks damages exceeding $75,000. (Ex. G, ¶ 1.) This admission conclusively establishes that the amount in controversy exceeds the jurisdictional threshold required by 28 U.S.C. § 1332(a).

***c. Removal Is Proper and Timely***

19. Because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, removal is proper under 28 U.S.C. § 1441(a). This Notice of Removal is timely filed within thirty days of receipt of Plaintiff's Supplemental RFA Response—the first document from which Defendant could ascertain that the amount in controversy satisfied the jurisdictional requirement. *See* 28 U.S.C. § 1446(b)(3).

WHEREFORE, Defendant Buc-ee's Georgia, LLC respectfully requests that this action be removed from the Superior Court of Gordon County, State of Georgia, to the United States District Court for the Northern District of Georgia, Rome Division, and that this Court assume jurisdiction over and rule on Defendant's pending Motion to Compel discovery, attached hereto as **Exhibit C**, which is ripe for determination.

Respectfully submitted: February 19th, 2026.

*/s/ Sean M. Kirwin*
Nathan L. Garroway
Georgia Bar No.: 142194
Sean M. Kirwin
Georgia Bar No.: 318130
Kayla H. Lee
Georgia Bar No.: 076623

*Counsel for Defendant Buc-ee's Georgia, LLC*

**DENTONS US LLP**
303 Peachtree Street NE, Suite 5300
Atlanta, Georgia 30308
Telephone: 404-527-4000
nathan.garroway@dentons.com
sean.kirwin@dentons.com
kayla.lee@dentons.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of February, 2026, I made service of the foregoing **NOTICE OF REMOVAL** on the parties listed below via U.S. Mail and electronic mail.

Ellen E. Forrester
MORGAN & MORGAN ATLANTA, PLLC
178 S. Main Street
Suite 300
Alpharetta, Georgia 30009
Telephone: (770) 799-2770
Fax: (770) 800-9851
e.forresterensley@forthepeople.com

*Attorney for Plaintiff*

Respectfully submitted this 19th of February, 2026.

*/s/ Sean M. Kirwin*
Nathan L. Garroway
Georgia Bar No.: 142194
Sean M. Kirwin
Georgia Bar No.: 318130
Kayla H. Lee
Georgia Bar No.: 076623

*Counsel for Defendant Buc-ee's Georgia, LLC*