# EXHIBIT A

## General Civil and Domestic Relations Case Filing Information Form

≋ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
GORDON COUNTY, GEORGIA

**25CV75160**

FEB 27, 2025 05:09 PM

*Grant Walraven*
Grant Walraven, Clerk
Gordon County, Georgia

☑ **Superior or** ☐ **State Court of** _Gordon_ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** 02-27-2025 | **Case Number** 25CV75160 |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Chavez, Yesenia

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Buc-ee's Georgia, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Holmes, Matthew    **Bar Number** 245735    **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**         **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

# IN THE SUPERIOR COURT OF GORDON COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER   25CV75160

Chavez, Yesenia

---

**PLAINTIFF**

**VS.**

Buc-ee's Georgia, LLC

---

**DEFENDANT**

### SUMMONS

TO: BUC-EE'S GEORGIA, LLC

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

> **Matthew Holmes**
> **MORGAN & MORGAN, PLLC (APH)**
> **178 S. Main Street**
> **Unit 300**
> **Alpharetta, Georgia 30009**
> **matthew.w.holmes@gmail.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 27th day of February, 2025.**

Clerk of Superior Court

_____
Grant Walraven, Clerk
Gordon County, Georgia

SC-1
Rev'd 10/24

Page 1 of 1

▓ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
GORDON COUNTY, GEORGIA

**25CV75160**

**FEB 27, 2025 05:09 PM**

*Grant Walraven*
Grant Walraven, Clerk
Gordon County, Georgia

IN THE SUPERIOR COURT OF GORDON COUNTY
STATE OF GEORGIA

YESENIA CHAVEZ,                    )
                                   )
        Plaintiff,                 )
                                   )          CIVIL ACTION
v.                                 )          FILE NO.
                                   )
BUC-EE'S GEORGIA, LLC;             )
ABC CORPS #1-3; & JOHN DOES #1-3   )
                                   )          JURY TRIAL DEMANDED
        Defendants.                )

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW, YESENIA CHAVEZ (hereinafter "Plaintiff") and files their Complaint against BUC-EE'S GEORGIA, LLC, ABC CORPS #1-3 and JOHN DOES #1-2 (hereinafter collectively "Defendants"), respectfully demanding a trial by jury and alleging the following:

## PARTIES AND JURISDICTION

1.

Plaintiff is a Georgia resident.

2.

Defendant BUC-EE'S GEORGIA, LLC (hereinafter "Defendant Retailer") is a Foreign Limited Liability Company, with a registered agent for service of process, CT Corporation System, located at 289 S. Culver Street, Lawrenceville, GA 30046-4805 in Gwinnett County. Service of process can be perfected upon Defendant at that address.

-1-

3.

Defendants, ABC CORPS. #1-3, are unidentified business entities which are potential, third-party, joint tortfeasors. Defendants, ABC CORPS #1-3 are business entities which owned, managed, operated, maintained, serviced, cleaned, secured or repaired some aspect of Defendant Retailer's business establishment and may have contributed to the negligence that injured Plaintiff. If and when entity Defendants ABC CORPS #1-3 are identified, Plaintiff will timely amend her pleadings and cause a Summons and Complaint to be properly served.

4.

Defendants JOHN DOES #1-3 are unidentified individuals who are potential, third-party, joint tortfeasors. Defendants JOHN DOES #1-3 either owned, managed, operated, maintained, serviced, cleaned, secured or repaired some aspect of Defendant Retailer's business establishment and may have contributed to the negligence that injured Plaintiff. If, and when, Defendants JOHN DOES #1-3 are identified, Plaintiff will timely amend her pleadings and cause a Summons and Complaint to be properly served.

5.

Pursuant to Article VI, § II, ¶ VI of the Georgia Constitution, and O.C.G.A. § 14-2-510, venue is proper because the cause of action originated in Gordon County.

## FACTUAL ALLEGATIONS

6.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 5 above as if they were restated herein, verbatim.

7.

At all material times, Defendants owned, managed, operated or otherwise provided services for Buc-ee's (#52), a convenience store, open to the public and located at 601 Union Grove Road, SE, Adairsville, GA 30103, Gordon County, Georgia (hereinafter "Premises").

8.

On or about December 22, 2023 (hereinafter "Date of Incident"), Plaintiff was lawfully on the Premises as an invitee when Plaintiff slipped and fell on the wet floor inside of the Premises due to negligent and/or insufficient maintenance of the interior of the subject premises.  When Plaintiff slipped and fell, she was injured (the "Subject Incident").

9.

Defendants negligently caused Plaintiff's injuries by failing to exercise ordinary care in keeping the Premises safe.

10.

At all relevant times, Plaintiff exercised reasonable care for Plaintiff's own safety.

11.

As the direct and proximate result of Defendants' negligence, Plaintiff fell and suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; aggravation of a pre-existing condition; loss of consortium; lost capacity for the enjoyment of life; lost ability

to work and other economic damages including, without limitation lost wages. Plaintiff's economic and non-economic damages are continuing in nature, and Plaintiff will continue to incur general and special damages in the future.

12.

As the direct and proximate result of Defendants' negligence, Plaintiff suffered, continues to suffer and may recover general and special damages as allowed by applicable law. Plaintiff will continue to incur such losses in the future.

13.

Defendants acted in bad faith, have been stubbornly litigious and/or have caused Plaintiff unnecessary trouble and expense and, accordingly, is liable to Plaintiff for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

**COUNT I- ACTIVE NEGLIGENCE**

14.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 13 above as if they were restated herein, verbatim.

15.

At all material times, Defendants controlled the mode, manner, and means by which they operated the Premises. Under the Defendants' mode, manner, and means of operating its business, fall risks were reasonably foreseeable.

16.

Defendants' chosen mode and manner of operation of the Premises required that Defendants implement safety procedures to mitigate or eliminate foreseeable risks of falls and resulting injuries.

17.

Defendants owed its invitees a duty to use ordinary care to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of operating the Premises.

18.

Defendants have a duty to develop, implement, maintain, comply with and enforce a safety program or appropriate safety measures, including adequate inspection procedures, to protect invitees from the foreseeable risks of harm, including fall risks arising from the operation of the Premises.

19.

Defendants breached their duty to Plaintiff by negligently failing to exercise reasonable care to protect her from foreseeable risks of harm.

20.

While operating the Premises, Defendants negligently failed to exercise reasonable care to protect Plaintiff from foreseeable risks of harm in one or more of the following ways:

a.   Defendants failed to maintain a safety protocol to protect invitees from the foreseeable risk of injuries caused by a slip or trip and fall;

b.   Defendants' safety program was inadequate to protect invitees from the

foreseeable risk of injuries caused by a slip or trip and fall;

c.  Defendants negligently failed to comply with and enforce its inspection protocols or procedures;

d.  Defendants negligently failed to train their employees, contractors, agents and/or representatives to properly implement their safety program;

e.  Defendants failed to supervise their employees, contractors, agents and/or representatives to ensure compliance with their safety program; and/or

f.  Defendants failed to warn Plaintiff of the inherent and foreseeable risk of falls and injuries arising from Defendants' chosen mode, manner and means of operating its business.

22.

Defendants' failure to exercise reasonable care in their operations of the Premises caused a dangerous condition that created a fall risk and caused Plaintiff to fall and suffer injuries.

23.

Defendants' negligent operation of the Premises directly and proximately caused Plaintiff's injuries.

24.

Defendants are vicariously liable for the negligent acts and omissions of their employees, contractors, agents and representatives, committed during the course and scope of their employment and in furtherance of Defendants' business. Defendants' employees, contractors, agents and representatives include, but are not limited to, Defendants JOHN DOES #1-3.

-6-

25.

Defendant's actions showed willful misconduct, and/or malice and/or fraud, and/or wantonness, and/or oppression, and/or that entire want of care which would raise the presumption of conscious indifference to the consequences. See O.C.G.A § 51-12-5.1.

## COUNT II- PREMISES LIABILITY

26.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 25 above as if they were restated herein verbatim.

27.

At all material times, Defendants owned, occupied and were otherwise in possession and control of the Premises.

28.

At all material times, Defendants owed a non-delegable duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition.

29.

Further, Defendants owed a duty to inspect the Premises to discover possible dangerous conditions and take reasonable precautions to protect invitees from foreseeable harm caused from the arrangement or use of the premises. Robinson v. Kroger Co., 268 Ga. 735, 740 (1997).

30.

Defendants' duty of care included:

-7-

a.    Inspecting the Premises for hazardous conditions including static conditions and passive defects that posed a slip hazard or risk;

b.    Detecting, removing or otherwise remedying hazardous conditions on the Premises floor that posed a slip hazard or risk; and

c.    Adequately warning invitees about specific hazards on the Premises, including slip hazards on the floor, to enable invitees to avoid harm.

31.

At all material times, Plaintiff was Defendant's invitee.

32.

The dangerous condition that caused Plaintiff to fall existed on the Premises for a sufficient length of time that Defendants knew, or in the exercise of reasonable care should have known, about the dangerous condition and failed to repair, remove or otherwise remedy the hazardous condition or defect; and/or failed to give adequate warning to invitees of the dangerous condition the defect created.

33.

Because Defendants had notice of the dangerous condition and controlled the condition of the Premises, Defendants and their employees, contractors, agents and representatives had a duty to repair the dangerous condition, remove the dangerous condition, or to warn invitees of the dangerous condition because it posed a foreseeable and an unreasonable risk of harm to invitees' safety, including Plaintiff herein.

34.

Defendants breached their duty to Plaintiff when they negligently failed to adequately repair the dangerous condition, remove the dangerous condition and/or to warn invitees of the dangerous condition and the foreseeable and unreasonable risk of harm to the safety of Defendant's invitees, including Plaintiff. See generally, O.C.G.A. § 51-3-1.

35.

As a direct and proximate result of Defendants' negligent failure to keep the Premises safe, remove, remedy or warn Plaintiff about the dangerous condition Plaintiff tripped on the dangerous condition and was injured.

36.

Defendant's actions showed willful misconduct, and/or malice and/or fraud, and/or wantonness, and/or oppression, and/or that entire want of care which would raise the presumption of conscious indifference to the consequences. See O.C.G.A § 51-12-5.1.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants and further, Plaintiff prays:

a.  That process issue requiring Defendants to appear and answer Plaintiff's allegations;

b.  That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury;

c.  That Plaintiff be granted a **trial by jury** of twelve persons for all issues so triable;

d.  That Plaintiff recover all damages allowable and recoverable under applicable law in amounts to be determined by a jury;

e.   That Plaintiff recover general and special damages in amounts to be proved at trial;

f.   That Plaintiff be granted attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11;

g.   That Plaintiff be awarded punitive damages pursuant to O.C.G.A. § 51-12-5.1; and

h.   That the Honorable Court order such other and further relief as the Court deems just and proper.

   Ther 28th day of February 2025.


                         Respectfully Submitted,

                         /s/ *Matthew W. Holmes*

                         Matthew Holmes
                         Attorney for Plaintiff
                         Georgia Bar. No. 245735

**MORGAN & MORGAN ATLANTA, PLLC**
178 S. Main Street, Suite 300
Alpharetta, Georgia 30009
Telephone: (770)799-2770
Fax: (770) 800-9851
matthew.holmes@forthepeople.com

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
GORDON COUNTY, GEORGIA

**25CV75160**

JUL 07, 2025 09:11 AM

Grant Walraven, Clerk
Gordon County, Georgia

## AFFIDAVIT OF PROCESS SERVER

I, the undersigned, __Madison Pope__ , being dully sworn, deposes and states:

1)    That I am a professional process server, a U.S. Citizen over the age of 18, and meet all of the

requirements for appointment as a process server in the state of Georgia.

2)    That I am a wholly disinterested party and I neither have any relationship with, nor am I employed

by, any of the parties to this action and in no way can benefit from its outcome.

3)    I have not had a felony conviction or any other action taken against me which would prevent me

from being lawfully appointed as a process server in the State of Georgia.

FURTHER AFFIANT SAYETH NAUGHT

*Madison Pope*                                         1/16/2025

signature

**Madison Pope**

print name

**4398 Prather Pass Dr**

address line 1

**Loganville, GA, 30052**

City, State, Zip

**(678) 799-1887**

phone

**pope.madison@gmail.com**

server email address

STATE OF: Georgia            )

COUNTY OF: Gwinnett            )

Signed and sworn to (or affirmed) before me

this 2ND day of February 2025

by __Madison Pope__ process server, who is

✓ personally known to me

___ produced identification

type of identification produced: _____

Tahlaha U Pene

Notary Public, State of Georgia
My commission expires: 08-28-2028

*Madison Pope*

IN THE SUPERIOR COURT OF GORDAN COUNTY
STATE OF GEORGIA

YESENIA CHAVEZ                      )
                                   )
            Plaintiff,             )
                                   )        CIVIL ACTION FILE NO.
v.                                 )
                                   )
BUC-EE'S GEORGIA, LLC;             )
ABC CORPS #1-3;                    )
AND JOHN DOES #1-3,                )        25CV75160
                                   )
                                   )
            Defendants.            )

⚏ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
GORDON COUNTY, GEORGIA

**25CV75160**

**JUL 10, 2025 02:58 PM**

*Grant Walraven*
Grant Walraven, Clerk
Gordon County, Georgia

### ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

For good cause shown, Plaintiff's Motion to Appoint a Special Agent to Serve Process is

GRANTED.  It is HEREBY ORDERED AND ADJUDGED that MADISON POPE is appointed

as special agent to serve process in this matter.

SO ORDERED this _____10th_____ day of _____July_____, 2025.

_____
Judge, Superior Court of Gordan County

Prepared by:

Matthew W. Holmes
Attorney for Plaintiff
Georgia Bar. No. 245735
MORGAN & MORGAN ATLANTA, PLLC
178 S. Main Street, Suite 300
Alpharetta, Georgia 30009
Telephone: (770) 799-2745
Fax: (770) 800-9851
Matthew.holmes@forthepeople.com
_____

Samir J. Patel
Superior Court Judge
Cherokee Judicial Circuit

## IN THE SUPERIOR COURT OF GORDON COUNTY, STATE OF GEORGIA

**YESENIA CHAVEZ**

    *Plaintiff(s) / Petitioner(s)*

v.

    Case No.: 25CV75160

**BUC-EE'S GEORGIA, LLC, ABC CORPS #1-3; & JOHN DOES #1-3**

    *Defendant(s) / Respondent(s)*

**⧉ EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
GORDON COUNTY, GEORGIA

**25CV75160**

**JUL 16, 2025 08:46 AM**

*Grant Walraven*
Grant Walraven, Clerk
Gordon County, Georgia

### AFFIDAVIT OF SERVICE

I, Madison Pope, being duly sworn, state:

I am a specially appointed or permanent process server authorized to complete this service.

I served the following documents to Buc-ee's Georgia, LLC in Gwinnett County, GA on July 14, 2025 at 10:59 am at 289 S. Culver Street, Lawrenceville, GA 30046-4805 by leaving the following documents with Jane Richardson who as Authorized Agent at CT Corporation System is authorized by appointment or by law to receive service of process for Buc-ee's Georgia, LLC.

Summons, Complaint, Case Filing Sheet
Server PSA
Motion to Appoint SPS
Entered Order for Madison Pope


White Female, est. age 65+, glasses: Y, White hair, 140 lbs to 160 lbs, 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=33.9550096951,-83.9881412794
Photograph: See Exhibit 1


Total Cost: $115.00




Signature
Madison Pope
+1 (678) 799-1887

Subscribed and sworn to before
me this 15th day of
July 2025, by
Tahlahu U Pope.
Witness my hand and official
seal.

Notary Public

My commission expires:
08-28-2028

*(Notary seal: TAHLAHA U. POPE — NOTARY PUBLIC — GWINNETT COUNTY, GEORGIA — 25CV75160)*

Proof Job #1078899

Page 1

▤ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
GORDON COUNTY, GEORGIA

**25CV75160**

AUG 13, 2025 11:03 AM

*Grant Walraven*
Grant Walraven, Clerk
Gordon County, Georgia

**IN THE SUPERIOR COURT OF GORDON COUNTY
STATE OF GEORGIA**

YESENIA CHAVEZ,

      Plaintiff,

v.

BUC-EE'S GEORGIA, LLC, ABC CORPS #1-3, & JOHN DOES #1-3,

      Defendants.

Civil Action File
No.: 25CV75160

**DEFENDANT BUC-EE'S GEORGIA, LLC'S ANSWER AND
AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Buc-ee's Georgia, LLC ("Defendant"), by and through its undersigned counsel, files this Answer and Affirmative and Other Defenses to Plaintiff Yesenia Chavez's ("Plaintiff") Complaint, and respectfully shows the Court as follows:

**PARTIES AND JURISDICTION**

1.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph No. 1 and, therefore, denies it.

2.

**ANSWER:** Defendant admits that it is a foreign limited liability company with a registered agent for service of process, CT Corporation System, located at 289 S. Culver Street, Lawrenceville, GA 30046-4805 in Gwinnett County. The remaining allegations contained in Paragraph No. 2 are statements of legal conclusions, to which no response is required; to the extent a response is required, Defendant denies those allegations.

1

3.

**ANSWER:** The allegations contained in Paragraph No. 3 are not directed toward Defendant, requiring no response. To the extent a response is required, Defendant denies those allegations.

4.

**ANSWER:** The allegations contained in Paragraph No. 4 are not directed toward Defendant, requiring no response. To the extent a response is required, Defendant denies those allegations.

5.

**ANSWER:** The allegations contained in Paragraph No. 5 are statements of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

## FACTUAL ALLEGATIONS[1]

6.

**ANSWER:** Defendant incorporates herein and realleges its responses to Paragraphs 1 through 5 of Plaintiff's Complaint as if fully set forth in this Paragraph.

7.

**ANSWER:** Defendant admits that it owned, managed, operated, and provided services at Buc-ee's #52, which is located at 601 Union Grove Road SE, Adairsville, Gordon County, Georgia 30103. Defendant admits that Buc-ee's #52 sells gasoline and various products, including

---

[1] Defendant notes that most of the allegations are directed towards all "Defendants". For the sake of clarity, Defendant advises that it is only answering the Complaint on its own behalf and not on behalf of any of the other unnamed defendants in this action. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations as it pertains to the other defendants.

2

consumable products and other miscellaneous products, and is open to the public. Defendant denies any remaining allegations contained in Paragraph No. 7.

8.

**ANSWER:** Defendant denies the allegations contained in Paragraph No. 8.

9.

**ANSWER:** Defendant denies the allegations contained in Paragraph No. 9.

10.

**ANSWER:** The allegations contained in Paragraph No. 10 are statements of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

11.

**ANSWER:** Defendant denies the allegations contained in Paragraph No. 11.

12.

**ANSWER:** Defendant denies the allegations contained in Paragraph No. 12.

13.

**ANSWER:** Defendant denies the allegations contained in Paragraph No. 13.

## <u>COUNT I – ACTIVE NEGLIGENCE</u>

14.

**ANSWER**: Defendant incorporates herein and realleges its responses to Paragraphs 1 through 13 of Plaintiff's Complaint as if fully set forth in this Paragraph.

15.

**ANSWER:** The allegations contained in Paragraph No. 15 are statements of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

16.

**ANSWER:** The allegations contained in Paragraph No. 16 are statements of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

17.

**ANSWER:** The allegations contained in Paragraph No. 17 are statements of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

18.

**ANSWER:** The allegations contained in Paragraph No. 18 are statements of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

19.

**ANSWER:** Defendant denies the allegations contained in Paragraph No. 19.

20.

**ANSWER:** Defendant denies the allegations contained in Paragraph No. 20, including all subparts thereof.

22.

**ANSWER:** Defendant denies the allegations contained in Paragraph No. 22.[2]

23.

**ANSWER:** Defendant denies the allegations contained in Paragraph No. 23.

24.

**ANSWER:** The allegations contained in Paragraph No. 24 are either statements of legal conclusions or not directed toward Defendant, with the result that no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph No. 24.

25.

**ANSWER:** Defendant denies the allegations contained in Paragraph No. 25.

## COUNT II – PREMISES LIABILITY

26.

**ANSWER:** Defendant incorporates herein and realleges its responses to Paragraphs 1 through 25 of Plaintiff's Complaint as if fully set forth in this Paragraph.

27.

**ANSWER:** Defendant admits that it owned the building located at 601 Union Grove Road SE, Adairsville, Gordon County, Georgia 30103. The remaining allegations contained in Paragraph No. 27 are statements of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

---

[2] Defendant notes that the Complaint contains no paragraph number 21. As a result, and for the sake of consistency and ease of future citation, Defendant omits any response to a paragraph 21 in this Answer.

5

28.

**ANSWER:** The allegations contained in Paragraph No. 28 are statements of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

29.

**ANSWER:** The allegations contained in Paragraph No. 29 are statements of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

30.

**ANSWER:** The allegations contained in Paragraph No. 30, including all subparts thereof, are statements of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

31.

**ANSWER:** The allegations contained in Paragraph No. 31 are statements of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

32.

**ANSWER:** Defendant denies the allegations contained in Paragraph No. 32.

33.

**ANSWER:** Defendant denies the allegations contained in Paragraph No. 33.

34.

**ANSWER:** Defendant denies the allegations contained in Paragraph No. 34.

35.

**ANSWER:** Defendant denies the allegations contained in Paragraph No. 35.

36.

**ANSWER:** Defendant denies the allegations contained in Paragraph No. 36.

## ANSWERING ALL ALLEGATIONS

Defendant denies each and every allegation of the Complaint, whether express or implied, that is not specifically and unequivocally admitted herein. Except as expressly admitted or otherwise expressly stated above, Defendant denies all allegations contained in Plaintiff's Complaint and denies that Plaintiff is entitled to any relief from Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

Each of the defenses set forth herein is stated as a separate and distinct defense, in the alternative to, and without waiving, any of the other defenses which are herein or which may hereafter be pleaded. Defendant reserves the right to raise such additional affirmative and other defenses as may be established during discovery and by the evidence in this case. Subject to the foregoing, Defendant asserts the following affirmative and other defenses:

## FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

There exists a lack of joinder of one or more indispensable parties, and without joinder of these proper parties, complete relief cannot be afforded among those already attempted to be made parties to this civil action.

## THIRD DEFENSE

Defendant reserves the right to seek contribution and/or indemnity from those parties not joined in this action.

7

**FOURTH DEFENSE**

If Plaintiff has or should hereafter settle for any of the alleged injuries and damages with any party or parties, then Defendant is entitled to a credit or judgment offset in the amount of said settlements.

**FIFTH DEFENSE**

Defendant denies that Plaintiff has incurred any injuries or damages. However, as to any injuries or damages Plaintiff alleges were incurred, Plaintiff voluntarily and knowingly assumed the risk of incurring any of the injuries or damages alleged in the Complaint and, therefore, Plaintiff is not entitled to recover from this Defendant.

**SIXTH DEFENSE**

The events and injuries alleged by Plaintiff were not reasonably foreseeable and therefore Defendant had no duty to prevent them.

**SEVENTH DEFENSE**

Defendant had no duty to warn Plaintiff of the risks and dangers, if any, as alleged in the Complaint.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the comparative negligence of the plaintiff; in the alternative, any award to the Plaintiff should be reduced by the percentage that the Plaintiff's conduct caused Plaintiff's damages.

**NINTH DEFENSE**

Any injuries or damages alleged by Plaintiff were the result of an independent, intervening, and/or superseding cause for which Defendant is not responsible.

## TENTH DEFENSE

Defendant owed no duties to Plaintiff in regard to the occurrence giving rise to this Complaint.

## ELEVENTH DEFENSE

No act or omission on the part of Defendant caused or contributed to any of the alleged injuries or damages claimed by the Plaintiff, and therefore Plaintiff is not entitled to recover anything from Defendant.

## TWELFTH DEFENSE

Defendant had no actual or constructive knowledge of any dangerous condition that allegedly caused or contributed to Plaintiff's alleged injuries.

## THIRTEENTH DEFENSE

Plaintiff had equal or superior knowledge of any dangerous condition that allegedly caused or contributed to Plaintiff's alleged injuries.

## FOURTEENTH DEFENSE

Any alleged action or inaction of Defendant's was not the cause-in-fact of Plaintiff's alleged injuries.

## FIFTEENTH DEFENSE

Any alleged action or inaction of Defendant's was not the proximate cause of Plaintiff's alleged injuries.

## SIXTEENTH DEFENSE

Defendant is not liable to Plaintiff because it breached no duties owed to Plaintiff in regard to the occurrence giving rise to this Complaint.

## SEVENTEENTH DEFENSE

The damages allegedly sustained by Plaintiff were caused, in whole or in part, by the acts of individuals or entities other than Defendant, and over which Defendant had no control.

## EIGHTEENTH DEFENSE

Plaintiff failed to mitigate damages, if any.

## NINETEENTH DEFENSE

The Complaint is barred by the doctrine of laches.

## TWENTIETH DEFENSE

Defendant pleads all affirmative defenses afforded to it under O.C.G.A. § 9-11-8.

## TWENTY-FIRST DEFENSE

Plaintiff's claims for punitive damages are barred because Defendant's conduct does not rise to the level of willful misconduct, malice, fraud, wantonness, oppression, or entire want of care as required by O.C.G.A. § 51-12-5.1.

## TWENTY-SECOND DEFENSE

With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 522 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

## TWENTY-THIRD DEFENSE

Any imposition of punitive damages against Defendant would violate its constitutional rights, including, but not limited to, its rights under the Fifth and Fourteenth Amendments of the

10

United States Constitution; the ex post facto and contracts clauses of Article 1, Section 10 of the United States Constitution; Defendant's right to be free of cruel and unusual punishment and excessive fines as guaranteed under the Eighth Amendment to the United States Constitution; and the parallel provisions of the Constitution of the State of Georgia or any other applicable state constitution. Defendant reserves the right to assert any additional constitutional defenses to the imposition of punitive damages against Defendant as may be disclosed during the course of additional investigation and discovery.

## TWENTY-FOURTH DEFENSE

Plaintiff is not entitled to attorneys' fees under O.C.G.A. § 13-6-11 because Defendant has not acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble and expense.

## TWENTY-FIFTH DEFENSE

Defendant reserves the right to assert any and all additional defenses (affirmative or other defenses) that arise during the course of this litigation and reserves the right to amend this Answer to assert such defenses.

**WHEREFORE**, having answered, Defendant Buc-ee's Georgia, LLC, demands a trial by jury and prays for judgment as follows:

    (a)    that judgment be awarded in favor of Defendant and against Plaintiff;

    (b)    that Plaintiff take nothing by way of the Complaint;

    (c)    that Defendant be awarded its costs and attorneys' fees; and

    (d)    for such other and further relief as the Court deems just and proper.

11

Respectfully submitted, this 13th day of August, 2025.

/s/ Sean M. Kirwin
Nathan L. Garroway
Georgia Bar No.: 142194
Sean M. Kirwin
Georgia Bar No.: 318130
Kayla H. Lee
Georgia Bar No. 076623

**DENTONS US LLP**
303 Peachtree Street NE, Suite 5300
Atlanta, Georgia 30308
Telephone: 404-527-4000
nathan.garroway@dentons.com
sean.kirwin@dentons.com
kayla.lee@dentons.com

*Counsel for Defendant Buc-ee's Georgia, LLC*

12

## CERTIFICATE OF SERVICE

This is to certify that on August 13, 2025, the undersigned served Defendant Buc-ee's Georgia, LLC's Answer upon Plaintiff's counsel by filing same using the Court's electronic filing system.

This 13th day of August, 2025.

By: */s/ Sean M. Kirwin*
     Sean M. Kirwin

     *Counsel for Defendant Buc-ee's Georgia, LLC*

13

Sheriff Number: 25028620    Court Case Number: 25CV75160
Date Received: 8/27/2025 Time: 2:03 PM
Special Service Inst:

State of Georgia
Gwinnett County

ATTORNEY'S ADDRESS

MORGAN & MORGAN
178 SOUTH MAIN STREET
UNIT 300
ALPHARETTA. GA 30009

NAME AND ADDRESS OF PARTY TO BE SERVED

BUC-EE'S GEORGIA, LLC
C T CORPORATION SYSTEM
289 S CULVER STREET
LAWRENCEVILLE, GA 30046

YESENIA CHAVEZ
PLAINTIFF
VS.
BUC-EE'S GEORGIA , LLC; ET AL
DEFENDANT

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
GORDON COUNTY, GEORGIA

**25CV75160**

**SEP 16, 2025 06:40 PM**

*Grant Walraven*
Grant Walraven, Clerk
Gordon County, Georgia

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** [ ]    Sex_____  Skin Color_____  Hair Color_____  Age_____  Hgt_____  Wgt_____
I have this day served the defendant_____ personally with a copy of the within action and summons.

**NOTORIOUS** [ ]
I have this day served the defendant _____ by leaving a copy of the action and
summons at his most notorious place in this County.

Delivered same into the hands of _____ described as follows:

| SEX | SKIN COLOR | HAIR COLOR | AGE | HGT | WGT |
|-----|-----------|-----------|-----|-----|-----|
|     |           |           |     |     |     |

**CORPORATION** [X]
I have this day served the ___Buc-ee's Georgia LLC_____ a corporation by leaving a copy of
the within action and summons with ___Jane Richardson_____ in charge of the office and place of
doing business of said Corporation in this County.

**TACK AND MAIL** [ ]

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant at the address shown in said summons, with adequate postage affixed thereon containing notice to the
defendant(s) to answer said summons at the place stated in the summons.

**NON EST** [ ]

Diligent search made and defendant _____ not to be found
in the jurisdiction of this Court.

**SPECIAL PROCESS**

_____

**COMMENTS**

_____

Date: _8/28/25_____

Time: _____

_W. Coberly SoB32_
Deputy Sheriff

_____

Batch #52019110O Seq #11 Tracking #

Sheriff Number: 25028620    Court Case Number: 25CV75160

Date Received: 8/27/2025 Time: 2:03 PM

Special Service Inst:

State of Georgia
   Gwinnett County

ATTORNEY'S ADDRESS

MORGAN & MORGAN

178 SOUTH MAIN STREET

UNIT 300

ALPHARETTA. GA 30009

YESENIA CHAVEZ
PLAINTIFF
VS.
BUC-EE'S GEORGIA , LLC; ET AL
DEFENDANT

NAME AND ADDRESS OF PARTY TO BE SERVED

BUC-EE'S GEORGIA, LLC
C T CORPORATION SYSTEM
289 S CULVER STREET
LAWRENCEVILLE, GA 30046

*Pull + Mail*

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐  Sex_____ Skin Color_____ Hair Color_____ Age_____ Hgt_____ Wgt_____

I have this day served the defendant_____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place in this County.

Delivered same into the hands of _____ described as follows:

| SEX | SKIN COLOR | HAIR COLOR | AGE | HGT | WGT |
|-----|-----------|-----------|-----|-----|-----|
|     |           |           |     |     |     |

**CORPORATION** ☒

I have this day served the _Buc-ee's Georgia LLC_____ a corporation by leaving a copy of the within action and summons with _Jane Richardson_____ in charge of the office and place of doing business of said Corporation in this County.

**TACK AND MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

**SPECIAL PROCESS**

_____

**COMMENTS**

_____

Date: _8/28/25_____

Time: _____

_W. Coberly SOB32_____

Deputy Sheriff

_____

Batch #520191100 Seq #11 Tracking #